United States District Court
Southern District of Texas
**ENTERED**
April 22, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALUFASE USA LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-77 |
| | § | |
| VICTOR B. PALMA, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Defendant Victor Palma's ("Palma") Motion to Remand (Doc. 10). The court has considered the motions, Plaintiff's response, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Palma's motion to remand be **GRANTED**.

### I. Case Background

Palma filed suit in the Harris County Civil Court at Law No. 1 on August 17, 2015, alleging breach of contract and quantum meruit claims based on Alufase USA LLC's ("Plaintiff") failure to compensate him for services rendered.[2] Palma amended his petition on November 15, 2015.[3] On January 7, 2016, Palma filed a reply to Plaintiff's motion for summary judgment and included affidavits

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  See Doc. 16.

[2] See Doc. 3-1, Ex. A to Pl.'s Notice of Removal, Palma's Original Pet.

[3] See Doc. 3-1, Ex. B to Pl.'s Notice of Removal, Palma's 1st Am. Pet.

from persons who had knowledge of the facts in that case.[4]

On January 8, 2016, Plaintiff filed the instant case in this court, alleging violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO") by Palma, The Royal Paradise LLC, and the individuals who provided affidavits for Palma's summary judgment response.[5] On January 12, 2016, Plaintiff removed Palma's state court lawsuit pursuant to 28 U.S.C. §§ 1367, 1441, and 1446.[6]

On February 11, 2016, Palma filed a motion to remand.[7] Plaintiff filed a response in support of its removal on March 3, 2016.[8]

## II. Discussion

The applicable statutes allow removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); see also Mumfrey v. CVS Pharm., Inc., 719 F.3d 392, 397 (5th Cir. 2013). Absent original jurisdiction, the district courts lack subject matter jurisdiction over the removed case. Delgado v. Shell Oil

---

[4] See Doc. 3-1, Ex. D to Pl.'s Notice of Removal, Palma's Resp. to Pl.'s Mot. for Summ. J, Affs. of Palma, Teresita Miranda, Liliana Arredondo, and Erica Ruiz, pp. 31-40.

[5] See Doc. 1, Pl.'s Compl.

[6] See Doc. 3, Pl.'s Notice of Removal.

[7] See Doc. 10, Palma's Mot. to Remand.

[8] See Doc. 13, Pl.'s Resp. to Palma's Mot. to Remand.

Co., 231 F.3d 165, 175 (5th Cir. 2000)(citing Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir. 1995)). Upon the filing of a motion to remand, the removing party bears the burden of establishing that the district court has jurisdiction. Mumfrey, 719 F.3d at 397. It is well settled that, in determining removal jurisdiction, the court must consider the claims in state court as they existed at the time of removal. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002)(citing Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995)). Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pled complaint. Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004).

Palma argues that removal is improper because his original and amended petition did not create federal jurisdiction and that Plaintiff's state law counterclaim cannot form the basis of its removal of the action to this court.[9] Palma additionally argues that even if Plaintiff has established a claim of federal jurisdiction, its notice of removal was filed fifty-seven days after Palma filed his amended petition on November 16, 2015.

Plaintiff claims that removal of Palma's action is proper because the court has supplemental jurisdiction over Palma's state law claims.[10] Plaintiff claims its removal was timely pursuant to

---

[9] See id. at 3.

[10] See Doc. 13, Pl.'s Resp. to Palma's Mot. to Remand p. 3.

28 U.S.C. § 1446(b)(3) because Plaintiff did not know the identities of the individuals involved in its RICO claim until January 7, 2016.[11]

Palma is correct that jurisdiction ordinarily exists when a federal question is presented on the face of a plaintiff's well-pled complaint. See Davila, 542 at 207. The general rule is that a counterclaim cannot serve as the basis for "arising under jurisdiction." Holmes Group, Inc. v. Vornado Air Circulations Sys, Inc., 535 U.S. 826 830 (2002). Here, Palma asserted state law contract and quantum meruit claims against a non-diverse defendant. Plaintiff argues that this court retains supplemental jurisdiction over Palma's claims because they are related to its RICO claims.[12]

Plaintiff's reliance on supplemental jurisdiction is misplaced. Section 1367 provides supplemental jurisdiction to state law claims originally brought in federal court where they are so related to federal claims that they are part of the "same case or controversy." 28 U.S.C. § 1367(a). Here, Palma's state law claims were not brought in federal court, so Plaintiff has the burden of establishing that the court has original jurisdiction over Palma's claims. See 28 U.S.C. § 1441(a); see also Pointer v. Crown Cork & Seal Co. Inc., 791 F. Supp. 164, 165 (S.D. Tex. 1992) (holding that the fact that a plaintiff could have brought

---

[11] See id.

[12] See id. p. 2.

supplemental claims does not grant removal jurisdiction where the plaintiff did not bring such claims).

Plaintiff argues that it removed Palma's claims after Palma filed a summary judgment motion that disclosed the identities and contact information of several defendants in the RICO claim. Plaintiff claims that this information was necessary to file its RICO claim in this court.[13] While that may be true, the court does not see how Palma's response to a state court motion for summary judgment presents a removable federal question. Plaintiff may not use the removal statute to deprive Palma of his state court venue for his state court claims simply because it filed a suit in this court alleging a RICO violation. Plaintiff has not met its burden of showing that this court had original jurisdiction over Palma's state law claims at the time of removal.[14] The court therefore lacks jurisdiction over Palma's state court claims and remand is appropriate.

### III. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Palma's motion to remand be **GRANTED** and that the causes of action presently raised in <u>Victor Palma v. Alufase USA, LLC</u>, Docket No. 1066247, be **REMANDED** to the Harris County Civil Court at Law No. 1.

---

[13] See Doc. 3, Notice of Removal pp. 2-3.

[14] Because the court finds that it lacks jurisdiction, it need not consider the parties' alternative arguments regarding whether Plaintiff's removal was timely.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Rule 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 22nd day of April, 2016.

_____
U.S. MAGISTRATE JUDGE