United States District Court
Southern District of Texas
**ENTERED**
May 06, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALUFASE USA LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-77 |
| | § | |
| VICTOR B. PALMA, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Defendants Victor Palma ("Palma") and the Royal Paradise LLC's ("Royal Paradise") Motion to Dismiss (Doc. 11). The court has considered the motion, the response, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendants' motion be **GRANTED**. However, the court **RECOMMENDS** that Plaintiff be permitted to re-plead its RICO claim within twenty days of receipt of this memorandum and recommendation in conformity with the sample standing order attached to this memorandum and recommendation.

### I. Case Background

Plaintiff Alufase USA, LLC ("Plaintiff"), a limited liability company that produces and sells aluminum scaffolding, filed suit against Palma, Royal Paradise, and several other individuals, alleging that after the completion of a contract, Palma and his

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  Doc. 16.

associates committed mail and wire fraud and violated the Hobbs Act in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO").

Plaintiff purchased a facility from Palma on June 29, 2012, and agreed to allow Palma to temporarily live on-site in exchange for supervising minor repairs.[2] Plaintiff asserts that other third parties paid Palma "kickbacks" in exchange for the right to work at the facility and that Palma, along with two other individual defendants, tampered with documents so that it appeared that Plaintiff had given Palma its power of attorney.[3]

On May 24, 2013, Plaintiff received an invoice from Palma demanding unpaid salary and an invoice from Royal Paradise's department of public relations, apparently also from Palma.[4] Palma filed a complaint with the U.S. Department of Justice Civil Rights Division for Immigration-Related Unfair Employment Practices based on Plaintiff's failure to pay these invoices.[5] He later withdrew this claim and filed a complaint with the Texas Workforce Commission, but his complaint was dismissed and he failed to pursue an appeal.[6]  Palma then filed suit in the Harris County Civil

---

[2] See Doc. 1, Pl.'s Compl. p. 1.

[3] See id. p. 4.

[4] See id. p. 5.

[5] See id.

[6] See id. p. 6.

Court at Law No. 1 on August 17, 2015.[7,8]

Plaintiff filed this suit on January 8, 2016, alleging RICO violations against Palma, Royal Paradise, and other individuals.[9] On February 24, 2016, Palma filed the pending motion to dismiss on behalf of himself and Royal Paradise.[10]  On March 16, 2016, Plaintiff filed a response to Defendants' motion.[11]  Defendants filed a reply to Plaintiff's response on March 23, 2016, and Plaintiff filed a surreply on March 30, 2016.[12]

## II.  Legal Standard

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), dismissal of an action is appropriate whenever the complaint, on its face, fails to state a claim upon which relief can be granted. When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts.  Sullivan v. Leor Energy, LLC, 600 F.3d 542, 546 (5th Cir. 2010).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of

---

[7]    See id.

[8]    See id. p. 8; Doc. 3-1, Ex. A to Pl.'s Notice of Removal, Def.'s Original Pet.

[9]    See Doc. 1, Pl.'s Compl.

[10]   See Doc. 11, Defs.' Mot. to Dismiss.

[11]   See Doc. 17, Pl.'s Resp. to Defs.' Mot. to Dismiss.

[12]   See Doc. 20, Defs.' Reply to Pl.'s Resp.; Doc. 21, Pl.'s Surreply to Defs.' Mot. to Dismiss.

the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 545. Under Rule 9(b), a party alleging fraud or mistake must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); United States ex rel. Grubbs v. Kanneganti, 565 F.3d 180, 185 (5th Cir. 2009). Pleadings alleging fraud require "simple, concise, and direct" allegations that make relief plausible under the standard of Twombly. Id.

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend under Rule 15(a) before dismissing the action with prejudice. See

4

Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); see also United States ex rel. Adrian v. Regents of the Univ. of Cal., 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification ... is considered an abuse of discretion." (internal citation omitted)).

However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487 (2d ed. 1990); see also Ayers v. Johnson, 247 F. App'x 534, 535 (5th Cir. 2007) (unpublished) ("[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.").

### III. Analysis

Defendants Palma and Royal Paradise argue that Plaintiff has not stated a claim under RICO and its complaint should therefore be dismissed.

Congress enacted RICO in order to prohibit conduct involving

a pattern of racketeering activity. See <u>Anza v. Ideal Steel Supply Corp.</u>, 547 U.S. 451, 453 (2006); <u>Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer</u>, 90 F.3d 118, 122 (5th Cir. 1996). "One of RICO's enforcement mechanisms is a private right of action, available to '[a]ny person injured in his business or property by reason of a violation' of the RICO's substantive restrictions." <u>Anza</u>, 547 U.S. at 453 (quoting 18 U.S.C. § 1964(c)).

In order to state a claim under RICO, a plaintiff must establish that a person has engaged in (1) a pattern of racketeering activity that is (2) connected to an "enterprise." <u>Abraham v. Singh</u>, 480 F.3d 351, 355 (5th Cir. 2007). The substantive requirements of 18 U.S.C. § 1962 are the same regardless of whether the suit is civil or criminal. <u>St. Paul Mercury Ins. Co. v. Williamson</u>, 224 F.3d 425, 446 n.15 (5th Cir. 2000).

Defendants argue that Plaintiff has not pleaded either a pattern of predicate acts of racketeering activity or the existence of an enterprise. Plaintiff responds that it has pleaded sufficient predicate acts including mail fraud, wire fraud, and interference with commerce by threats or violence, and that it has sufficiently pleaded the existence of an enterprise.

**A. Pattern of Racketeering Activity**

"Racketeering activity" is defined in 18 U.S.C. § 1961(1) in terms of a list of applicable state and federal crimes. 18 U.S.C.

6

§ 1961(1). Individual acts of racketeering activity are known as "predicate offenses." Here, Plaintiff alleges that Defendants engaged in mail fraud and wire fraud and violated the Hobbs Act.

To specify a predicate act of either mail or wire fraud, Plaintiff must meet the heightened standard of Rule 9(b). Wooten v. McDonald Transit Assocs., Inc., 775 F.3d 689, 700 n.8 (5th Cir. 2015). Rule 9(b) requires that a plaintiff must specify the fraudulent statement, identify the speaker, state when the statement was made, and explain why the statement was fraudulent. Sullivan, 600 F.3d at 551.

Here, Plaintiff states that Palma mailed "fabricated and false invoices" and sent them through the mail.[13] Although Plaintiff identifies the speaker, alleges that the invoice was fraudulent, and details when the statement was mailed, the complaint does not explain why or how the invoice was fraudulent. Plaintiff explains elsewhere in its complaint that Palma was not an employee, and the court infers that Plaintiff asserts that Palma did not have a right to payment, but Plaintiff has not explained that any invoice was made with actual knowledge of its falsity or in reckless disregard of the truth. Similarly, Plaintiff states that Royal Paradise sent an invoice claiming it performed a number of services, but does not explain what those services were, whether they were performed, or otherwise explain how the statement was fraudulent.

---

[13]    See Doc. 1, Pl.'s Compl. pp. 4, 11.

Plaintiff's wire fraud allegations are similarly deficient. Plaintiff states that Palma sent an email to Plaintiff in May 2013 claiming that Plaintiff owed him money, when a year earlier Palma had sent an email stating that he did not require compensation or salary.[14]  Plaintiff does not explain how this request for payment was fraudulent and not simply an inconsistent position.  Plaintiff also states that Palma "may" have used the internet to transmit "the fraudulent document."[15]  The court infers from the pleading that Plaintiff refers to one or all of the invoices as the "fraudulent document(s)," however, as explained supra, Plaintiff has not adequately explained why the invoices were fraudulent. Plaintiff's mail fraud and wire fraud pleadings as currently presented are therefore insufficient to meet the standard of Rule 9(b).

Plaintiff also describes Defendants' actions as receiving "kickbacks" in violation of the Hobbs Act.  The Hobbs Act prohibits interference with commerce by threats of violence by robbery or extortion.  18 U.S.C. § 1951(a); See United States v. Stephens, 964 F.2d 424, 429 (5th Cir. 1992).  The act defines extortion as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right."  18 U.S.C. §§ 1951(a), (b)(2).

---

[14]     See id. p. 10.

[15]     See id.

Here, Plaintiff has made no specific allegation regarding actual force or the threat of force; Plaintiff states only that John Doe defendants paid "kickbacks" to Palma in exchange for the right to work at Plaintiff's facility.[16] Plaintiff's current pleading does not establish a predicate act under the Hobbs Act and does not properly allege any predicate acts necessary to establish a pattern of racketeering activity.

**B.  Existence of an Enterprise**

Defendants additionally argue that Plaintiff has failed to plead the existence of a RICO enterprise. In addition to alleging a continuing pattern of predicate acts, a plaintiff must also allege that an enterprise exists. Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1998). An enterprise is defined as "a group of persons or entities associating together for the common purpose of engaging in a course of conduct." Whelan v. Winchester Prod. Co., 319 F.3d 225, 229 (5th Cir. 2003). A plaintiff can establish the existence of an enterprise through either formal or informal "evidence of an ongoing organization," along with "evidence that the various associates function as a continuing unit." Id. (citing Atkinson v. Anadarko Bank & Trust Co., 808 F.2d 438, 440 (5th Cir. 1987)).

Plaintiff's pleading asserts that it is a victim of an enterprise led by Palma. Plaintiff's complaint does not identify what enterprise Palma leads, nor does it allege any organization or

---

[16]  See id. p. 2.

9

continuity between defendants. Instead, Plaintiff simply notes that the Supreme Court has found that an individual RICO defendant is a separate individual from a corporate enterprise. See Cedric Kusher Promotions, Ltd. v. King, 533 U.S. 158, 161 (2001). In its response to Defendants' motion, Plaintiff lists defendants and Plaintiff's claims against each; one individual filed an action before the Department of Justice, three individuals provided "false affidavits" swearing that they witnessed an alleged oral contract, and one individual allegedly aided in Palma in producing a fraudulent document indicating that Plaintiff had provided Palma with a power of attorney .[17] Plaintiff states that Palma's "use of all of these persons and [Royal Paradise] arises to the status of a criminal enterprise as required by RICO."[18]

Although Plaintiff does not identify what type of enterprise defendants engaged in, the court infers that it is attempting to allege the existence of an association-in-fact enterprise. An association-in-fact enterprise "(1) must have an existence separate and apart from the pattern of racketeering; (2) must be an ongoing organization; and (3) its members must function as a continuing unit as shown by a hierarchical or consensual decision making structure." Allstate Ins. Co. v. Plambeck, 808 F.3d 665, 673 (5th Cir. 2015) (quoting Calcasieu Marine Nat'l Bank v. Grant, 943 F.2d

---

[17]  See Doc. 17, Pl.'s Resp. to Def.'s Mot. to Dismiss pp. 10-12.

[18]  See id. p. 12.

1453, 1461 (5th Cir. 1991)). Such an enterprise may be proved by "evidence of an ongoing organization" and by "evidence that the various associates function as a continuing unit." Plambeck, 808 F.3d at 673 (citing Boyle v. U.S., 556 U.S. 938, 944-45 (2009)). The "linchpin of enterprise status in the continuity or ongoing nature of the association." Plambeck, 808 F.3d at 673. The Supreme Court in Boyle stated that an association-in-fact must have a "purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." Boyle, 556 U.S. at 946.

Here, Plaintiff has averred that individual defendants each acted for Palma's benefit. But individuals assisting Palma on singular occasions do not form either the continuity among members or ongoing nature necessary to successfully plead the existence of an enterprise. Plaintiff has not therefore properly alleged the existence of an enterprise.

The court finds that as currently pleaded, Plaintiff has not stated a claim under RICO. However, the court recognizes that Plaintiff filed this case less than four months ago, has not amended its complaint, and has not conducted discovery. Generally, district courts allow a plaintiff at least one opportunity to amend its pleading before dismissing a case. Great Plains Trust Co., 313 F.3d at 329. Therefore, the court **RECOMMENDS** that Defendants' motion be **GRANTED** but that Plaintiff be permitted to replead its

RICO claim in conformity with the standing order attached to this memorandum.

## IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED** at this time and that Plaintiff be allowed to amend its complaint in conformity with this memorandum.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 6th day of April, 2016.

_____
U.S. MAGISTRATE JUDGE

```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE SOUTHERN DISTRICT OF TEXAS
                              HOUSTON DIVISION

_____,       §
                              §
     Plaintiff,               §
                              §
v.                            §   Civil Action No. _____
                              §
_____,       §
                              §
     Defendants.              §
                              §
```

**STANDING ORDER: 18 U.S.C. 1961 (Civil)**

Within 20 days, the plaintiff shall file a statement of the facts that support a civil claim under 18 U.S.C. §§ 1961-1968. The facts must be pleaded under Rule 11. The statement shall use this outline.

**1.  Parties.**

    A.  Name each defendant and explain the specific misconduct or the factual basis of liability.

    B.  Name all non-party wrongdoers and explain the misconduct of each.

    C.  Name the plaintiffs and describe the injury to each.

**2.  Racketeering Activities.** Describe the pattern of racketeering activities for each claim.

    A.  List the specific statutes violated and the particular facts for each.

    B.  Provide the dates, name the participants, and provide a description of the facts for each predicate act.

    C.  If the predicate act is wire, mail, or securities fraud, state with particularity the circumstances of the fraud; identify the time, place, and content of the misrepresentations and to whom they were made.

      D.    State whether there has been a criminal conviction for the predicate acts.

      E.    State whether any of the predicate acts have been the basis of a judgment in civil litigation.

      F.    Describe how the predicate acts form a pattern of racketeering activity.

      G.    State how the predicate acts relate to each other as part of a common plan.

**3.**    **Enterprise.**   Describe the enterprise for each claim.

      A.    Provide the names of the individuals, partnerships, corporations, associations, or other entities that make up the enterprise.

      B.    Describe the organization, purpose, function, and course of conduct of the enterprise.

      C.    State whether the defendants are employees, officers, or directors of the enterprise or its components.

      D.    Explain how the defendants are, in any other way, associated with the enterprise.

      E.    Explain whether the defendants are individuals or entities separate from the enterprise, whether the defendants are the enterprise, or whether the defendants are members of the enterprise.

      F.    If the defendants are the enterprise or its members, explain whether the defendants are perpetrators, passive instruments, or victims of the racketeering activities.

**4.**    **Enterprise - Racketeering Nexus.**

      A.    Explain whether the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

      B.    Describe the relationship between the racketeering activity and the enterprise; explain how the racketeering activity differs from the regular business of the enterprise.

      C.    Describe what benefits the enterprise receives from the

        racketeering activity.

5. **Section 1962 Sub-sections.**

   A. If the complaint alleges a violation of § 1962(a), state who received the income derived from the pattern of racketeering activity and describe how the income was used or invested.

   B. If the complaint alleges a violation of § 1962(b), describe the acquisition or maintenance of interest in or control of the enterprise.

   C. If the complaint alleges a violation of § 1962(c), state who is employed or associated with the enterprise and whether the same entity is both the liable person and enterprise under § 1962(c).

   D. If the complaint alleges a violation of § 1962(d), describe the conspiracy.

6. **Interstate Commerce.** Describe how the racketeering activities of the enterprise affect interstate commerce.

7. **Damages.**

   A. Describe any injury to business or property.

   B. Explain the causal relationship between the injury and the violation of § 1962.

   C. List the damages sustained due to violation of § 1962, and indicate the amount for which each defendant responsible factually.

8. **Other Claims.**

   A. List all other related federal causes of action and provide citations to statutes.

   B. List all pendent claims.

9. **Additional Information.** List all related or parallel litigation, and provide any additional information that you think would be helpful in processing the RICO claim.