United States District Court
Southern District of Texas

**ENTERED**

November 30, 2016

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALUFASE USA LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-77 |
| | § | |
| VICTOR B. PALMA, et al., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Defendants' Motion to Dismiss (Doc. 36), Plaintiff's Motion to Strike the Motion to Dismiss (Doc. 37), Plaintiff's Motions for Entry of Default against Defendants Palma (Doc. 50) and Royal Paradise (Doc. 51), and Plaintiff's Motion for Extraordinary Relief (Doc. 57). The court will deal with each of these in turn. The court has considered the motions, relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendants' motion to dismiss be **DENIED**, Plaintiff's motion to strike be **DISMISSED** as moot, Plaintiff's motions for entry of default against Defendants Palma and Royal Paradise be **DENIED**, and Plaintiff's motion for extraordinary relief be **DENIED**.

## I.  Case Background

Plaintiff Alufase USA, LLC ("Plaintiff"), a limited liability

---

[1]   This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  See Doc. 16, Ord. Dated Mar. 8, 2016.

company that produces and sells aluminum scaffolding, filed suit against Palma, Royal Paradise, LLC ("Royal Paradise"), and several other individuals, alleging that after the completion of a contract, Palma and his associates committed mail and wire fraud and violated the Hobbs Act in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO").

Plaintiff purchased the production facility from Palma on June 29, 2012, and agreed to allow Palma to live on-site temporarily in exchange for his supervising minor repairs.[2]  Plaintiff asserts that other third parties paid Palma "kickbacks" in exchange for the right to work at the facility and that Palma, along with two other individual defendants, tampered with documents so that it appeared that Plaintiff had given Palma its power of attorney.[3]

On May 24, 2013, Plaintiff received an invoice from Palma demanding unpaid salary and an invoice from Royal Paradise's department of public relations, apparently also sent by Palma.[4] Palma later filed a complaint with the U.S. Department of Justice Civil Rights Division for Immigration-Related Unfair Employment Practices based on Plaintiff's failure to pay these invoices.[5]  He later withdrew this claim and filed a complaint with the Texas

---

[2]    See Doc. 31, Pl.'s Am. Compl. p. 1.

[3]    See id. pp. 5-9; Doc. 57, Pl.'s Mot. for Extraordinary Relief p. 1.

[4]    See Doc. 31, Pl.'s Am. Compl. pp. 4, 12.

[5]    See id. pp. 6-7.

Workforce Commission, but his complaint was dismissed and he failed to pursue an appeal.[6]    Palma then filed suit in the Harris County Civil Court at Law No. 1 on August 17, 2015.[7]

Plaintiff filed this suit on January 8, 2016, alleging RICO violations against Palma, Royal Paradise, and other individuals.[8] The court allowed Plaintiff to re-plead its complaint, and Plaintiff filed an amended complaint on May 26, 2016.[9]  Defendants filed a motion to dismiss under Rules 12(b)(6) and 9(b) on June 9, 2016.[10]  Plaintiff filed a motion to strike Defendants' motion to dismiss on June 30, 2016, and Defendants responded on July 8, 2016.[11]  Plaintiff also filed motions for default judgment against Defendants Palma and Royal Paradise on August 11, 2016, to which Defendants responded on September 1, 2016, and Plaintiff replied on September 21, 2016.[12]  Plaintiff filed a motion for extraordinary relief on November 16, 2016.[13]  The court will deal with each of the pending motions in turn.

---

[6]    See id. p. 7.

[7]    See id. p. 18.

[8]    See Doc. 1, Pl.'s Compl.

[9]    See Doc. 31, Pl.'s Amended Compl.

[10]   See Doc. 36, Defs.' Mot. to Dismiss Pl.'s Amended Compl.

[11]   See Doc. 37, Pl.'s Mot. to Strike Defs.' Mot. to Dismiss Pl.'s Amended Compl.; Doc. 39, Defs.' Response to Pl.'s Mot. to Strike Defs.' Mot. to Dismiss Pl.'s Am. Compl.

[12]   See Doc. 50, Pl.'s Mot. for Default J. against Def. Palma; Doc. 51, Pl.'s Mot. for Default J. against Def. Royal Paradise.

[13]   See Doc. 57, Pl.'s Mot. for Extraordinary Relief.

3

## II.  Legal Standards

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), dismissal of an action is appropriate whenever the complaint, on its face, fails to state a claim upon which relief can be granted. When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts.  Sullivan v. Leor Energy, LLC, 600 F.3d 542, 546 (5th Cir. 2010).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.  In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the

4

grounds upon which it rests." <u>Twombly</u>, 550 U.S. at 555. Under Rule 9(b), a party alleging fraud or mistake must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); <u>United States ex rel. Grubbs v. Kanneganti</u>, 565 F.3d 180, 185 (5th Cir. 2009). Pleadings alleging fraud require "simple, concise, and direct" allegations that make relief plausible under the standard of <u>Twombly</u>. <u>Kanneganti</u>, 565 F.3d at 186.

To specify a predicate act of either mail or wire fraud, Plaintiff must meet the heightened standard of Rule 9(b). <u>Wooten v. McDonald Transit Assocs., Inc.</u>, 775 F.3d 689, 700 n.8 (5th Cir. 2015). Rule 9(b) requires that a plaintiff must specify the fraudulent statement, identify the speaker, state when the statement was made, and explain why the statement was fraudulent. <u>Sullivan</u>, 600 F.3d at 551.

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend under Rule 15(a) before dismissing the action with prejudice. <u>See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.</u>, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid

5

dismissal."); see also United States ex rel. Adrian v. Regents of the Univ. of Cal., 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)).

However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487 (2d ed. 1990); see also Ayers v. Johnson, 247 F. App'x 534, 535 (5th Cir. 2007) (unpublished) ("[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.")(quoting Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co., 195 F.3d 765, 771 (5th Cir. 1999)).

### III.  Analysis

#### A.  Defendants' Motion to Dismiss & Plaintiff's Motion to Strike

Congress enacted RICO in order to prohibit conduct involving a pattern of racketeering activity.  See Anza v. Ideal Steel Supply Corp., 547 U.S. 451, 453 (2006); Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer, 90 F.3d 118, 122 (5th Cir. 1996).  "One of RICO's enforcement mechanisms is a private right of action, available to '[a]ny person injured in his business or property by reason of a violation' of the RICO's substantive restrictions."

6

<u>Anza</u>, 547 U.S. at 453 (quoting 18 U.S.C. § 1964(c)).

In order to state a claim under RICO, a plaintiff must establish that a person has engaged in (1) a pattern of racketeering activity that is (2) connected to an "enterprise." <u>Abraham v. Singh</u>, 480 F.3d 351, 355 (5th Cir. 2007). The substantive requirements of 18 U.S.C. § 1962 are the same regardless of whether the suit is civil or criminal. <u>St. Paul Mercury Ins. Co. v. Williamson</u>, 224 F.3d 425, 446 n.15 (5th Cir. 2000).

The court allowed Plaintiff to replead its federal civil RICO claim, and Plaintiff submitted an amended complaint. In their motion to dismiss, Defendants again argue that Plaintiff's case should have been brought as a contract dispute, not a RICO case. Defendants additionally argue that Plaintiff did not properly plead predicate acts, a pattern of racketeering activity, acts in furtherance of a single endeavor, or an enterprise as required to state a civil RICO claim.

**1.  Pattern of Racketeering Activity**

"Racketeering activity" is defined in 18 U.S.C. § 1961(1) in terms of a list of applicable state and federal crimes. 18 U.S.C. § 1961(1). Individual acts of racketeering activity are known as "predicate offenses." In Plaintiff's amended complaint, Plaintiff expanded its allegations against Defendants. Plaintiff again alleges the predicate acts of mail fraud, wire fraud, and

violations of the Hobbs Act. However, Plaintiff's amended complaint contains more detailed allegations related to these predicate acts.

Plaintiff alleges that Defendants committed mail fraud because they "willingly and knowingly with reckless disregard for the truth and malice aforethought and with intent to defraud and extort used the mails to further their scheme against Alufase . . . ."[14] As in the original complaint, Plaintiff identifies the speaker, alleges that the invoice was fraudulent, and details when the statement was mailed. The deficiency in the original complaint was that Plaintiff did not explain why or how the invoice was fraudulent, but in the amended complaint, Plaintiff does include allegations speaking to these facts. Specifically, Plaintiff alleges that the invoices from Defendant Royal Paradise "described work that was never done or was never authorized by Alufase, or as [Plaintiff has] explained before, were for work already paid for or in effect, never done" and that the invoice regarding Defendant Palma's salary was "fraudulent on its face because Palma was never an employee of Alufase."[15]

Plaintiff has also expanded its allegations related to wire fraud, stating that Defendants "willingly and knowingly and with reckless disregard for the truth, intent to defraud and malice

---

[14]    Doc. 31, Pl.'s Am. Compl. ¶ 40.

[15]    Id.

aforethought used e-mail to further their scheme against Alufase in violation of 18 U.S.C. § 1343 and deprive them of, among other things, their rent."[16]   Plaintiff alleges that Defendant Palma sent emails "to Alufase's president's Spanish e-mail address (he was in Spain at the time)" in order "to persuade Alufase that [Defendant] Palma wanted no compensation for his possibly helping Alufase, and that he in fact accepted living in the warehouse without any further compensation."[17]   Additionally, Plaintiff alleges that Defendant "Palma did want money, and if he had so stated, he would have been charged rent for his stay at the facility during 2012."[18]

Plaintiff also alleges violations of the Hobbs Act, which prohibits interference with commerce by threats of violence by robbery or extortion.   18 U.S.C. § 1951(a); United States v. Stephens, 964 F.2d 424, 429 (5th Cir. 1992).   The act defines extortion as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right."   18 U.S.C. §§ 1951(a), (b)(2).   Plaintiff alleges that Defendants violated the Hobbs Act by "interfer[ing] with [Plaintiff's] ability to move a commodity/article in commerce, and received kickbacks while doing

---

[16]   Id. ¶ 41.

[17]   Id.

[18]   Id.

so, through extortion in violation of 18 U.S.C. § 1951."[19]
Plaintiff alleges that Defendant Palma "received kickbacks from
contractors who were performing unauthorized services in the
Alufase facility" and that Defendant "Palma has profited in an
unknown amount from the kickbacks received."[20]  Plaintiff alleges
that this hurt "the movement of [Plaintiff's] commodity in
commerce" because "[i]nstead of the facility being swiftly repaired
in order to conduct business, [Plaintiff] delayed this through his
acts of hiring constructors not authorized or who failed to do the
work they were hired to do."[21] These allegations are more specific
than the allegations in the original complaint submitted by
Plaintiff, which merely alleged that John Doe defendants paid
"kickbacks" to Palma in exchange for the right to work at
Plaintiff's facility.

        In addition to the more detailed allegations contained in
Plaintiff's description of Defendants' purported mail fraud, wire
fraud, and violations of the Hobbs Act, Plaintiff also alleges
violations of 18 U.S.C. § 1962, as witnessed in Plaintiff's counts
one through three and count five.  These counts focus on the
following alleged facts: the forging of a power of attorney, giving
Defendant Palma broad authority; the receipt by Defendant Palma of

---

[19]   Id. ¶ 34.

[20]   Id.

[21]   Id.

10

kickbacks from contractors; "exploiting" and "harboring" of illegal aliens at Plaintiff's facility; the fraudulent invoices sent to Plaintiff; the problematic affidavits; the emails exchanged between Plaintiff and Defendants; the invoices mailed to Plaintiff and the letter to Plaintiff "threaten[ing] Alufase with potential criminal prosecution for 'wage theft' under SB1024"; and Defendants' filing of multiple lawsuits in state and federal court.[22]   These allegations of violations of 18 U.S.C. § 1962 have been fleshed out in the amended complaint and adequately allege a pattern of racketeering.

### 2. Existence of an Enterprise

Plaintiff additionally has provided more detail in relation to the existence of an enterprise.  An enterprise is defined as "a group of persons or entities associating together for the common purpose of engaging in a course of conduct."  <u>Whelan v. Winchester Prod. Co.</u>, 319 F.3d 225, 229 (5th Cir. 2003).

Plaintiff's amended complaint alleges a legal entity enterprise and association-in-fact enterprise in paragraphs fifteen through twenty-five.  An enterprise can be a legal entity, which "includes any individual, partnership, corporation, association, or other legal entity" or an association-in-fact enterprise, which is "any union or group of individuals associated in fact although not a legal entity."  18 U.S.C. § 1961(4).  An association-in-fact

---

[22]    <u>Id.</u> ¶¶ 26-33, 35-39.

enterprise "(1) must have an existence separate and apart from the pattern of racketeering, (2) must be an ongoing organization and (3) its members must function as a continuing unit as shown by a hierarchical or consensual decision making structure." Allstate Ins. Co. v. Plambeck, 802 F.3d 665, 673 (5th Cir. 2015)(quoting Calcasieu Marine Nat'l Bank v. Grant, 943 F.2d 1453, 1461 (5th Cir. 1991)). "The linchpin of enterprise status is the continuity or ongoing nature of the association." Plambeck, 802 F.3d at 673. The Supreme Court in Boyle stated that an association-in-fact enterprise must have a "purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." Boyle v. U.S., 556 U.S. 938, 946 (2009). Plaintiff can establish the existence of an association-in-fact enterprise through either formal or informal "evidence of an ongoing organization," along with "evidence that the various associates function as a continuing unit." Id. at 945 (citing U.S. v. Turkette, 452 U.S. 576, 583 (1981)).

Here, Plaintiff alleges that there is a legal entity enterprise consisting of Defendant Royal Paradise, Royal Paradise Real Estate Corporation LLC, and the Equal Rights Organization.[23] According to Plaintiff, these organizations "are all controlled and

---

[23]    As the court understands it from Plaintiff's complaint, the Equal Rights Organization is an unchartered entity owned and controlled by Palma. Id. ¶ 3.

owned by Palma."[24]   Plaintiff alleges that the association-in-fact enterprise consists of Palma and other individuals involved in the alleged events including those who submitted the affidavits which Palma claims are false and those who participated in the alleged altering of the power of attorney.[25]   Additionally, Plaintiff has also included more detailed allegations related to each party's participation in the alleged pattern of racketeering, as evidenced in paragraphs two through fourteen and the accompanying footnotes.

Plaintiff alleges, in relation to the existence of an enterprise, that "[t]he purpose of this conspiracy and racketeering enterprise (in violation of 18 U.S.C. 1962(d)) was to steal from Alufase, either by fraud or extortion (in violation of 18 U.S.C. 1962(c)) and usurp the company's corporate authority by taking control of the company through the false affidavit in violation of 18 U.S.C. 1962(b) and thus exact kickbacks (in the form of labor), and conduct other illegal activities from [Plaintiff's] facility from June through December 2012."[26]

After reviewing Plaintiff's amended complaint, the court finds that Plaintiff has stated a plausible claim to survive Defendants' motion to dismiss under Rules 12(b)(6) and 9(b).   Therefore,

---

[24]   Id. ¶ 15.

[25]   See id. ("The association-in-fact enterprise is composed of Palma, Arredondo, Miranda, Ruiz, Cisneros, Mondragon, and unidentified individuals who will be identified during discovery.  This loosely and informally organized group has been led by Palma.").

[26]   Id. ¶ 22.

Defendants' motion to dismiss should be denied and Plaintiff's motion to strike should be dismissed as moot.   Any future challenges to the sufficiency of Plaintiff's allegations must be filed pursuant to Rule 56.

**B.   Motions for Entry of Default**

In this case, Plaintiff seeks an entry of default against Defendants Palma and Royal Paradise.   Plaintiff filed its motions for entry of default on August 11, 2016, arguing that default should be entered against these Defendants because both "filed numerous motions to dismiss, [but have] never filed an answer to the complaint."[27]

Under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."   Fed. R. Civ. Pro. 55(a). Rule 12(a)(4) modifies the time periods for serving a responsive pleading if a party serves a motion under Rule 12.   Fed. R. Civ. Pro. 12(a)(4).   Under Rule 12(a)(4)(A), a responsive pleading is due within fourteen days if a court denies the Rule 12 motion. Fed. R. Civ. Pro. 12(a)(4)(A).

What Plaintiff fails to recognize is that, because Defendants filed a Rule 12 motion to dismiss, the deadline for filing an answer was modified.   Defendants Palma and Royal Paradise filed

---

[27]   Doc. 50-1, Aff. in Support of Mot. for Default ¶ 4; Doc. 51-1, Aff. in Support of Mot. for Default ¶ 4.

their original motion to dismiss under 12(b)(6) and 9(b) within the deadline for filing an answer.[28]  Defendants have continued to file motions to dismiss as the case has progressed.  Under Rule 12(a)(4)(A), Defendants' answer is not due until fourteen days after the current motion to dismiss is denied.  Therefore, Plaintiff's motions for default against Palma and Royal Paradise should be denied.

## C.  Plaintiff's Motion for Extraordinary Relief

In his motion for extraordinary relief, Plaintiff requests the court for the following: to take judicial notice of the forgery of the power of attorney and requests a continuance to conduct additional discovery to look for additional forgeries; to order the Department of Justice to turn over documents related to the case filed by Palma with the Department of Justice Office of Special Counsel for Immigration-Related Unfair Employment Practices; to order Defendants' counsel to turn over the requested discovery; to subpoena Gallisa to send Plaintiff's counsel copies of the records, including the tax returns, of the Equal Rights Organization; and give Plaintiff's counsel additional time to serve other Defendants in the case.

Under Federal Rules of Evidence 201, a court may take judicial notice of "a fact that is not subject to reasonable dispute because

---

[28]     See Doc. 7, Return of Service of Summons Executed as to Def. Palma p. 1; Doc. 10, Def. Palma's Mot. to Remand; Doc. 11, Defs. Palma & Royal Paradise's Mot. to Dismiss Pursuant to Rules 12(b)(6) & 9(b).

it is (1) generally known within the trial court's territorial
jurisdiction; or (2) can be accurately and readily determined from
sources whose accuracy cannot reasonably be questioned." Fed. R.
Ev. 201.   In this case, Plaintiff petitions the court to take
judicial notice of the alleged forgery of the power of attorney.
The court finds that this is not a proper fact for judicial notice
because it is not a fact that is generally known within the
territorial jurisdiction of the court, and the court also finds it
is not a fact whose accuracy cannot reasonably be questioned.   It
is possible that Defendants could dispute this fact by their own
submitted evidence.   Therefore, the court declines to take judicial
notice of Plaintiff's evidence that the power of attorney was
forged.

Under Rule 45, "[t]he clerk must issue a subpoena, signed but
otherwise in blank, to a party who requests it.   That party must
complete it before service.   An attorney also may issue and sign a
subpoena if the attorney is authorized to practice in the issuing
court." Fed. R. Civ. Pro. 45(a)(3).   If Plaintiff wishes to obtain
records from the Department of Justice, Plaintiff must go to the
Clerk to issue a subpoena, as this is the proper method for
obtaining a subpoena under the Federal Rules.   If the Department of
Justice fails to comply, then Plaintiff can file a motion to compel
with the court.

However, even if the party does issue a subpoena compelling

16

the other party to turn over documents, the Justice Department still has a right to refuse to comply when the United States is not a party to the case.  28 C.F.R. § 16.22(a).  The Supreme Court has reiterated this fact, stating that the Justice Department's regulations "unquestionably give Justice Department employees the authority, when so ordered by superiors, to refuse to comply with a subpoena ordering disclosure of confidential files when the United States is not a party to a legal action." State of La. v. Sparks, 978 F.2d 226, 234 (5ᵗʰ Cir. 1992)(citing U.S. ex rel. Touhy v. Ragen, 340 U.S. 462, 470 (1951)); see 28 C.F.R. § 16.22.

As to Plaintiff's requests for additional discovery, including the records of Defendant Palma's Equal Rights Organization, Plaintiff has not filed the proper motion with the court. Plaintiff should file a motion to compel Defendant to turn over these records and to provide Plaintiff with the requested addresses.

### III. Conclusion

Therefore, the court **RECOMMENDS** that Defendants' motion to dismiss be **DENIED** and Plaintiff's motion to strike be **DISMISSED** as moot.  Additionally, the court **RECOMMENDS** that Plaintiff's motions for extraordinary relief and motions for entry of default be **DENIED.**

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days

17

from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this $\underline{30^{th}}$  day of November, 2016.

_____
U.S. MAGISTRATE JUDGE